ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Aaron S. Craig           State Bar No. 204741
   ACraig@aalrr.com
Shawn M. Ogle           State Bar No. 266259
   SOgle@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| BOILING POINT GROUP, INC., a California corporation,<br><br>   Plaintiff,<br><br>v.<br><br>FONG WARE CO. LTD., FONGWARE LLC, FONG WARE INDUSTRIAL CO., LTD, and KEN-ZUEI LIU,<br><br>   Defendants.<br><br>FONG WARE CO. LTD., a California corporation,<br><br>   Cross-Complainant,<br><br>v.<br><br>BOILING POINT GROUP, INC., a California corporation,<br><br>   Cross-Defendant. | Case No. 2:16-cv-01672-RGK-JEM<br><br>**PLAINTIFF BOILING POINT GROUP, INC.'S NOTICE AND MOTION IN LIMINE NO. 1 TO EXCLUDE DOCUMENT MARKED AS FONG WARE 000342**<br><br>DATE:         May 16, 2017<br>TIME:         9:00 a.m.<br>COURTROOM:    850 |

/ / /

/ / /

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1  TO THIS HONORABLE COURT AND TO DEFENDANT AND TO ITS
2  ATTORNEY OF RECORD:
3  NOTICE IS HEREBY GIVEN that Plaintiff BOILING POINT GROUP,
4  INC., will and hereby does, move this Court *in limine*, for an Order to exclude a
5  document that was marked as Fong Ware 000342 during discovery. This motion is
6  made on the grounds that any such evidence is hearsay, irrelevant, and unduly
7  prejudicial in violation of Federal Rules of Evidence 401, 402, and 403.

8
9  Dated: March 31, 2017         ATKINSON, ANDELSON, LOYA, RUUD & ROMO
10
11                               By: /s/ Aaron S. Craig
12                                   Aaron S. Craig
                                     Shawn M. Ogle
13                                   Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

## I. INTRODUCTION

Defendants Fong Ware Co. Ltd., FongWare LLC, Fong Ware Industrial Co., Ltd., and Ken-Zuei Liu (collectively "Defendants") should be precluded from offering into evidence a financial report document that was produced by Defendants as Fong Ware 000342, because Defendants have admitted that the report is inaccurate, which testimony is confirmed by contradictions between the report itself on the one hand, and records produced in discovery by Defendants and third parties on the other hand. The Court has the inherent power to grant a motion *in limine* to exclude any evidence that could be objected to at trial. See U.S. v. Copeland, 321 F.3d 582, 597-98 (6th Cir. 2003); U.S. v. Pablo Varela-Rivera, 279 F.3d 1174, 1179 (9th Cir. 2002). The Court should do so here.

## II. ARGUMENT

Boiling Point Group, Inc. ("Boiling Point") moves to preclude Defendants from referencing or offering into evidence the document that was produced by Defendants as Fong Ware 000342 ("Page 342").

Business records may be admissible as an exception to the rule against hearsay provided that the party offering the records satisfies the requirements of Federal Rule of Evidence 803(6). However, even if the proponent of the records satisfies the first four elements, the business records will be inadmissible if the opponent shows "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E); Kikalos v. U.S., 408 F.3d 900, 904 (7th Cir. 2005).

Here, Defendants' principal, Ken-Zuei Liu, admitted at his deposition that Page 342 is incomplete and unreliable. Declaration of Aaron S. Craig ("Craig Decl."), Exh. 2 at 46:24-48:5, and 50:18-51:14. Specifically, Liu testified as follows:

> Q   And the computer system that created this report had access to the complete data for both of those companies?

- 3 -

PLAINTIFF BOILING POINT GROUP, INC.'S NOTICE AND MOTION IN LIMINE NO. 1 TO EXCLUDE DOCUMENT MARKED AS FONG WARE 000342

015395.00008
15512424.1

A  Not all of it because I did not start using this software until 2014, but I had keyed in all the data that had been stored by me.

Exh. 2 at 47:25-48:5

…

Q  So if Action Sales said that they had purchased more than 1,853 units of the FW-1308, does that mean they're lying?

THE INTERPRETER: Can you give me number again, please.

MR. CRAIG:  1,853.

THE WITNESS:  I previously indicated to you that this software did not get used until 2014. Prior to that, all the data was hand-recorded by me, although I did tell you that I had transferred the handwritten record that I kept into the — the software system, but there might be figures that were missed out.

Exh. 2 at 50:18-51:5

In addition, other documents produced in discovery by Defendants and third parties demonstrate that Page 342 is incomplete, inaccurate and unreliable. Specifically, Page 342 purports to show total Defendants' total sales of the FW-1308 device of 1,853 units, with sales amounts of $44,088 and costs of goods sold in the amount of $33,354 ($18.00 per unit). Craig Decl., Exh. 2 at 48:10-50:14, and Exh. 3.

However, the purchase orders that have been produced by Defendants show that Defendants sold at least 1,965 FW-1308 units during the period from October 2014-April 2016, (which total does not cover whatever additional sales Defendants made in 2013 or the first 9 months of 2014). Craig Decl., ¶7 and Exh. 4. Thus the 1,853 units figure showed on Page 342 cannot possibly be correct. Moreover, the records disclosed by third party Action Sales shows that it has purchased a total of 2,568 units (608 in 2013 and 1,960 thereafter) from Defendants, and sold 2,430 units. Craig Decl., ¶ 8, Exh. 5. Therefore, Defendants' sales cannot possibly be limited to 1,853 units, and Defendants' Page 342 is unreliable.

In addition, Page 342 purports to show that Defendants' Cost of Goods Sold was $33,354.00, which works out to exactly $18.00 per unit. However, the invoices

produced by Defendants show that FongWare LLC and Fong Ware Co. Ltd. paid $7.00 or $7.70 per unit from its affiliate, Defendant Fong Ware Industrial (whose true cost is likely much lower). Craig Decl., ¶ 9, Exh. 6. Defendants have provided no other documents to support this $18.00 per unit figure, and it appears to have no basis in fact.

### III. CONCLUSION

Based upon the foregoing, the report produced by Defendants as Fong Ware 000342 is wholly unreliable, and the Court should exclude it, along with all argument, exhibits, and testimony related thereto.

Dated: March 31, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Aaron S. Craig
Aaron S. Craig
Shawn M. Ogle
Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.