ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Aaron S. Craig          State Bar No. 204741
  ACraig@aalrr.com
Shawn M. Ogle          State Bar No. 266259
  SOgle@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| BOILING POINT GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FONG WARE CO. LTD., FONGWARE LLC, FONG WARE INDUSTRIAL CO., LTD, and KEN-ZUEI LIU,<br><br>Defendants.<br><br>FONG WARE CO. LTD., a California corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>BOILING POINT GROUP, INC., a California corporation,<br><br>Cross-Defendant. | Case No. 2:16-cv-01672-RGK-JEM<br><br>**PLAINTIFF BOILING POINT GROUP, INC.'S NOTICE AND MOTION IN LIMINE NO. 2 TO EXCLUDE CERTAIN PRIOR ART**<br><br>DATE:   May 16, 2017<br>TIME:   9:00 a.m.<br>COURTROOM:   850 |

///

///

///

-1-

PLAINTIFF BOILING POINT GROUP, INC.'S NOTICE AND MOTION IN LIMINE NO. 2 TO EXCLUDE CERTAIN PRIOR ART

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

TO THIS HONORABLE COURT AND TO DEFENDANT AND TO ITS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff BOILING POINT GROUP, INC., will and hereby does, move this Court in *limine*, for an Order to exclude certain prior art. This motion is made on the grounds that Defendants' evidence is expected to lack proper foundation and fails to qualify as prior art under 35 U.S.C. §§102-103; thus, the evidence is irrelevant and its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time in violation of Federal Rules of Evidence 401, 402, and 403.

Dated: March 31, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Aaron S. Craig
Aaron S. Craig
Shawn M. Ogle
Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

## I. INTRODUCTION

Plaintiff Boiling Point Group, Inc. asks the Court to preclude Defendants from submitting evidence or argument about certain designs being prior art without laying proper foundation that they meet the criteria for prior art by having been disclosed in a printed publication or being in use or on sale in the United States prior to Plaintiff's filing of its patent application.  Only relevant evidence is admissible under Rules 401 and 402 of the Federal Rules of Evidence.  Moreover, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury" or "wasting time."  Fed. R. Evid. 403.  Defendants' evidence purporting to lay foundation that the FW-1243 device constitutes prior art is inadmissible, and the other designs that Defendants produced in discovery are undated.  They should be excluded.

## II. ARGUMENT

Boiling Point Group, Inc. ("Boiling Point") moves to preclude Defendants from relying on alleged prior art for which Defendants lack foundation to show that it appeared in a printed publication or was in use or on sale in the United States prior to the date of Plaintiff's patent application: February 14, 2012.  This includes the FW-1243 relied on by Defendants in their Motion for Summary Judgment, but is not limited to that device.

Defendants bear the burden of proving by clear and convincing evidence that the alleged prior art references anticipate or render obvious the asserted patents. Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1329 (Fed. Cir. 2008). "Prior art" is material that is "described in the world's accessible literature, including patents, or has been publicly known or in public use or on sale *in this country*."  Life Tech. Corp. v. Biosearch Tech., Inc., 2012 WL 4097740 (N.D. Cal. 2012) [emphasis added].  Thus "on-sale" prior art under 35 U.S.C. §102 consists of products that are used *in the United States* before the effective filing date of the claimed invention.  35 U.S.C. §102; Colucci v. Callaway Golf Co., 750 F. Supp. 2d

767, 774 (E.D. Tex. 2010) (jury instruction defining the "on-sale prior art category as 'Anything that was in public use or on sale in the United States more than one year before the application for the patent was filed.'"). To qualify as prior art, it must be both prior to the patent at issue and published or known to others. 35 U.S.C. § 102; Minn. Mining & Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1301 (Fed. Cir. 2002). Alleged prior art that was not on sale or in use in the United States prior to the '811 Patent and was not published, cannot invalidate the patents-in-suit and should be excluded under Federal Rules of Evidence 402 and 403.

Here, the art that should be excluded includes any alleged prior art that Plaintiff cannot prove pre-dates the February 14, 2012 effective filing date for the '811 Patent. For example, Defendants have argued in support of their Motion for Summary Judgment that Defendants' apparatus entitled FW-1243 should be considered as prior art. Defendants have also produced in discovery dozens of images of other products, which are not dated.

With respect to the FW-1243 device, during the deposition of Defendants' principal, Ken-Zuei Liu, Mr. Liu admitted that Defendants did not start importing the FW-1243 device until September 5, 2012, over six months after the '811 Patent application was filed. Declaration of Aaron S. Craig ¶5 , Exh. 2 at 74:4-75:13. Liu also admitted that he did not have any evidence that anyone else imported or sold that same device in the United States prior to FongWare's commencing to do so in September 2012 . [Liu Tr. 76:12-77:17]. And defendants' evidence that this design was disclosed in a printed publication was a 2017 printed results page from a Google search, which Defendants claim shows images from Google between 2000-2009, and a 2017 printout from a website called the "Internet Wayback Machine" at web.archive.org, purporting to show a picture that was on the internet in September 2008. (Exh. A to Declaration of Ken Liu in Support of Motion for Summary Judgment, Docket No. 69-1.)

Search results from the "Internet Wayback Machine" are inadmissible

- 4 -

evidence of what certain other websites looked like in the past, unless foundation is properly laid by a knowledgeable employee of the website. Defendants are not the first litigant to try to introduce evidence of what existed on the internet on a certain date in the past by using the "Internet Wayback Machine" and Google. Courts have uniformly and correctly decided that this evidence is inadmissible unless it is accompanied by testimony of an employee of the hosting website (web.archive.org) that explains how the website gathers and stores the archived information.

In Open Text S.A. v. Box, Inc., 2015 WL 428365 (N.D. Cal. 2015), the Court granted a motion for summary judgment that a computer program was not prior art, and in so doing, held that Defendant's attempted evidence of prior art—a printout of a page from the Wayback Machine's Internet Archive—was inadmissible. The Court held that this 'evidence' had not been properly authenticated because the party had failed to include any declaration from an authorized custodian of records for the Internet Archive verifying that such documents were true and correct copies of the Internet Archive's records. Id. at 2. Other cases similarly hold that for such records to fall within a hearsay exception, the records must be authenticated by the Internet Archive's custodian of records or an authorized employee. Icon-IP Pty Ltd. v. Specialized Bicycle Components Inc., 87 F. Supp. 3d 928, 961 (N.D. Cal. 2015) (refusing to consider printout from 'internet archive' webpage in a summary judgment proceeding on the ground that the records were not properly authenticated); St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 2006 WL 1320242, at *2 (M.D. Fla. May 12, 2006).

Here, Defendants will attempt to offer the very same Internet Archive records without proper authentication. Specifically, just like Open Text, Icon-Ip, and St. Luke's Cataract, Defendants intend to authenticate the documents through their own testimony. Such an attempt at authentication fails to comply with Federal Rule of Evidence 901 which requires that the declarant have personal knowledge of the website and its process of gathering the archived information, such as the Internet

- 5 -

Archive's custodian of records. Accordingly, the jury should not be shown Defendants' purported evidence of prior art of the FW-1243. Defendants' evidence will only show what existed on the internet in 2017, which is irrelevant as prior art. The exhibits will not show what existed on the internet in 2010 and earlier.

With respect to designs other than the FW-1243, the Court should preclude Defendants from offering any evidence or argument about them as prior art without a proper foundation being laid that such designs were either in use or on sale in the United States before February 14, 2012, or were disclosed in a printed publication prior to that date.

### III. CONCLUSION

Based upon the foregoing, the Court should exclude all argument, exhibits, and testimony with respect to FW-1243, and should exclude evidence or argument about other devices as being prior art unless a proper foundation is laid.

Dated: March 31, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Aaron S. Craig
Aaron S. Craig
Shawn M. Ogle
Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.