ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Corporation
Aaron S. Craig          State Bar No. 204741
    ACraig@aalrr.com
Shawn M. Ogle           State Bar No. 266259
    SOgle@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone: (562) 653-3200
Fax: (562) 653-3333

Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| BOILING POINT GROUP, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>FONG WARE CO. LTD., FONGWARE LLC, FONG WARE INDUSTRIAL CO., LTD, and KEN-ZUEI LIU,<br><br>    Defendants. | Case No. 2:16-cv-01672-RGK-JEM<br><br>**PLAINTIFF BOILING POINT GROUP, INC.'S NOTICE AND MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE NOT DISCLOSED IN DISCOVERY**<br><br>DATE:          May 16, 2017<br>TIME:          9:00 a.m.<br>COURTROOM: 850 |
| FONG WARE CO. LTD., a California corporation,<br><br>    Cross-Complainant,<br><br>v.<br><br>BOILING POINT GROUP, INC., a California corporation,<br><br>    Cross-Defendant. | |

/ / /

/ / /

/ / /

TO THIS HONORABLE COURT AND TO DEFENDANT AND TO ITS ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff BOILING POINT GROUP, INC., will and hereby does, move this Court *in limine*, for an Order to exclude evidence not disclosed in discovery. This motion is made on the grounds that any such evidence is irrelevant and unduly prejudicial in violation of Federal Rules of Evidence 401, 402, and 403.

Dated: March 31, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Aaron S. Craig
Aaron S. Craig
Shawn M. Ogle
Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

## I. INTRODUCTION

The Court has the inherent power to grant a motion *in limine* to exclude any evidence that could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial. See U.S. v. Copeland, 321 F.3d 582, 597-98 (6th Cir. 2003); U.S. v. Pablo Varela-Rivera, 279 F.3d 1174, 1179 (9th Cir. 2002). Based upon these principles, any alleged prior art that Defendants Fong Ware Co. Ltd., Fongware LLC, Fong Ware Industrial Co., Ltd., and Ken-Zuei Liu (collectively "Defendants") failed to disclose during discovery should be excluded from evidence.

## II. ARGUMENT

Boiling Point Group, Inc. ("Plaintiff") moves to preclude Defendants from referencing or offering into evidence any alleged prior art that was not disclosed by Defendants in response to discovery requests, including Requests for Production of Documents, that Plaintiff propounded upon them.

The purpose of the Rule 26 mandatory disclosures and the parties' discovery obligations is to "make a trial less a game of blind man's buff [sic] and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter & Gamble Co., 356 U.S. 677, 683 (1958). Thus, where a party fails to disclose relevant evidence in response to its disclosure and discovery obligations, the appropriate course of action is to preclude that party from introducing that evidence at trial. See e.g., Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); Klonoski v. Mahlab, 156 F.3d 255, 271 (1st Cir. 1998) ("[T]he appropriate sanction when a party fails to provide certain evidence to the opposing party as required in the discovery rules is preclusion of that evidence from the trial"); Matter of P & E Boat Rentals, Inc., 872 F.2d 642, 654 (5th Cir. 1989) (evidence excluded where not disclosed prior to trial).

Here, Plaintiff propounded Requests for Production of Documents upon Defendants, including Numbers 18 through 21 which provide as follows:

**Request for Production No. 18:**

All DOCUMENTS RELATING TO "[s]amples or photographs of other products that have an appearance or design that is similar to the patent-in-suit" as stated on page 4 lines 14 through 15 of YOUR Initial Disclosures.

**Request for Production No. 19:**

All DOCUMENTS RELATING TO "[i]nternet screenshots and printouts from various websites and other publicly available documents relating to similar products that that [sic] have appearance or design that is similar to the patent-in-suit" as stated on page 4 lines 16 through 18 of YOUR Initial Disclosures.

**Request for Production No. 20:**

All DOCUMENTS RELATING TO "other products that have an appearance or design that is similar to the patent-in-suit" as stated on page 4 lines 19 through 20 of YOUR Initial Disclosures.

**Request for Production No. 21:**

All DOCUMENTS RELATING TO "prior art" as stated on page 4 line 21 of YOUR Initial Disclosures.

Declaration of Aaron S. Craig ("Craig Decl."), ¶ 2, Exh. 1.

Defendants have disclosed in discovery dozens of images of designs of hot pot burners, most of which are undated and which bear very little resemblance to the '811 Patent or the Accused Product. The only physical device Defendants have made available to Plaintiff for inspection is the small FW-1243 device that Defendants began importing and selling *__after__* the date of Plaintiff's patent application. Craig Decl., ¶ 5, Exh. 2 at 74:4-75:13. Defendant should be limited to the prior art evidence that it produced in discovery.

Plaintiff hereby asks the Court to preclude evidence of prior art that was not produced in discovery. Plaintiff should not be ambushed at trial with new undisclosed evidence of prior art, whether in the form of two-dimensional images or three-dimensional devices, and the Court should preclude Defendants from offering any such items into evidence.

### III. CONCLUSION

Based upon the foregoing, the Court should exclude all argument, exhibits, and testimony with respect to any alleged prior art that was not disclosed by Defendants during discovery.

Dated: March 31, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: /s/ Aaron S. Craig
Aaron S. Craig
Shawn M. Ogle
Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.