GRANT Y. CHIEN, (CA SBN 216668)
**CONTINENTAL LAW FIRM, APLC**
1108 South Baldwin Avenue, Second Floor
Arcadia, California 91007-7508
Telephone: (626) 789-5298
Facsimile: (626) 602-3861
E-Mail: Grant@ClawFirm.com

**Attorney for Defendants and Counterclaimants**
FONG WARE CO. LTD; FONGWARE LLC;
FONG WARE INDUSTRIAL CO. LTD; and
KEN-ZUEI LIU

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BOILING POINT GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FONG WARE CO. LTD, a California corporation,<br><br>Defendant<br><br>FONG WARE CO. LTD, a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>BOILING POINT GROUP, INC., a California corporation,<br><br>Counterclaim-Defendant. | **CASE NO.: 2:16-CV-01672 RGK (JEMx)**<br><br>**DEFENDANTS AND CONTERLCAIMANT FONG WARE CO. LTD, FONGWARE LLC, FONG WARE INDUSTRIAL CO. LTD, AND KEN-ZUEI LIU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF MOTION *IN LIMINE* NO. 3 TO STRIKE UNTIMELY EXPERT REPORT, INCLUDING PREVIOUSLY UNDISCLOSED INFORMATION AND EVIDENCE AND TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES FROM TESTIFYING AT TRIAL;**<br><br>Date: May 1, 2017<br>Time: 9:00 a.m.<br>Courtroom: 850, 8th Floor<br><br>Expert Disclosure: March 1, 2017<br>Discovery Cut-off: March 7, 2017<br>Pretrial Conference Date: May 1, 2017<br>Trial Date: May 16, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 37(a) and Federal Rule of Evidence, Defendants and Counterclaimants Fong Ware Co. Ltd, Fongware LLC, Fong Ware Industrial Co. Ltd, Ken-Zuei Liu ("Fongware" or "Defendants") hereby submit this motion *in limine* to strike the untimely expert reports produced by Plaintiff Boiling Point Group Inc. ("BPG" or Plaintiff) and to preclude Plaintiff's expert witnesses from offering any testimony or information at trial or any other proceedings ("Motion"). This Motion pertains the untimely disclosure of expert reports and the improper application of Rule 26(e) to cure prior failure to comply with the expert disclosure deadline.

## II. RELEVANT BACKGROUND FACTS

Defendants collectively are the manufacturer and importer and distributors of restaurant accessories, e.g., chopsticks, spoons as well as the alleged infringing hot pot holder.

Plaintiff, on the other hand, is a hot pot restaurant operator.

Plaintiff owns the D680811 (the '811 Patent"). However, Plaintiff does not sell or license any hot pot holders that embody the '811 design to other hot pot restaurant operators or make its hot pot holder to the public for purchase.

On March 11, 2016, Plaintiff filed suit against Defendants alleging that Defendants' hot pot holders infringe on its Patent and is seeking to stop Defendants from selling its hot pot holders to other hot pot restaurant operators.

Plaintiff alleges that that Defendants' ongoing distribution of hot pot holder would increase the numbers of its competitors and thus lower its profit.

On September 13, 2016, the Court issued a Scheduling Order in which it set the discovery cut-off on February 21, 2017. See, Dkt 54 and Chien Decl. Ex. A. for a true and correct copy of the Court's Scheduling Order ("Scheduling Order"). The Scheduling Order also expressly explained that: "[Discovery Cut-Off] is **not**

the date by which discovery requests must be served; it is the date by which all discovery is to be **completed**."

On February 1, 2017, BGP submitted a joint stipulation seeking to extend, among other deadlines, the discovery cut-off and expert disclosure. See, Dkt 61 and Chien Decl. Ex. B for a true and correct copy of the said Stipulation.

On February 6, 2017, the Court granted the aforementioned joint stipulation and changed the discovery cut-off to **March 7, 2017** and the expert disclosure deadline to **March 1, 2017** ("Amended Scheduling Order"). See, Dkt 62 and Chien Decl. Ex. C for a true and correct copy of the said Amended Scheduling Order.

On March 1, 2017, Plaintiff served Defendants with an incomplete disclosure. Specifically, Plaintiff did not provide Defendants with any required written expert reports. See Chien Decl. Ex. D for a true and correct copy of the said Plaintiff initial expert disclosure.

On March 15, 2017, Defendants filed a motion for summary judgment, contending that its alleged infringing design did not infringe upon Plaintiff's claimed patent. The hearing for the said Motion for Summary Judgment is scheduled for April 17, 2017.

On March 15, 2017, Plaintiff served 3rd parties Action Sales and Smelley Hot Pot restaurant with subpoenas seeking business records. Still, the Court previously ordered that all fact discovery must be completed by March 7, 2017. Plaintiff did not seek leave from the Court before serving the said subpoenas. See Chien Decl. Ex. E for a true and correct copy of the said subpoena served after the discovery cut-off.

On March 23, 2017, Plaintiff produced the belated expert report in support of its infringement claim and entitled the document as "First Supplemental" Rule 26(a)(2) Expert Disclosure. See Chien Decl. Ex. F for a true and correct copy of the expert report re infringement.

On March 24, 2017, Plaintiff produced yet another belated expert report and titled such disclosure as "Second Supplemental" Rule 26(a)(2) Expert Disclosure. See, Chien Decl. Ex. G for a true and correct copy of the expert report re damages.

Going forward there are several critical deadlines that the Parties must comply before appearing for trial. See Chien Decl. ¶¶3-4.

Finally, the final pre-trial conference is scheduled for May 1, 2017 and the trial is scheduled to begin on May 16, 2016. See Chien Decl. Ex. A.

## III. LEGAL AUTHORITIES

The Federal Rules of Civil Procedures require a testifying expert to prepare and sign a written report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them…at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(B)(i) & (a)(2)(D).

A "party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert or as a means of getting in, in effect, a brand new report." *Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc*., 2008 WL 4601038 at *1 (N.D.Cal. Oct. 15, 2008). Notably, supplementation "does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control and amount to unlimited expert opinion preparation." *Akeva LLC v. Mizuno Corp*., 212 F.RD. 306, 310 (M.D.N.C. 2002). Therefore, the weight of the authority should hold that Plaintiff's supplemental expert reports should be treated as an untimely expert disclosure and be precluded from use at trial.

Parties who violate Rule 26 may be punished as provided for in Federal Rule of Civil Procedure 37. Pursuant to Rule 37(c), if a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was "substantially justified" or is "harmless."

*Oracle USA, Inc. et al., v. SAP AG, et al.*, 264 F.R.D. 541, 544 (N.D. Cal. 2009). The court may also order payment of reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(c)(1)(A). The exclusion sanctions is "self-executing' and "automatic." *Yeti by Molly Ltd., v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments)).

The burden is on the party who failed to comply to demonstrate that it meets one of the two exceptions to mandatory sanctions. Four factors are relevant to this determination: (1) prejudice or surprise to the party against whom the evidence is offered; (2) ability of that party to cure the prejudice; (3) likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Burger v. Excel Contractors*, 2013 WL 5781724, *2 (D. Nev. Oct. 25, 2013). Notably, exclusion of expert testimony *does not* require a finding of willfulness or bad faith before imposing sanctions for violations of Rule 37(c)(1). *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (requirement does not apply because such sanctions, although onerous, are less than a dismissal).

**I. ARGUMENT**

**A. The Supplemental Expert Reports are Not Timely Disclosed**

According to Rule 26(a)(2)(D), a party must disclose expert testimony "at the times and in the sequence that the court orders. Here, the Court's Amended Scheduling Order explicitly provided that the Plaintiff's expert disclosure must be provided by March 1, 2017. The Court *did not* provide separate deadlines for the disclosure of supplemental reports. In other words, all rebuttal and supplemental disclosures must be provided before the expert disclosure deadline. On March 1, 2017, Plaintiff served its expert disclosure *but without any expert report*. This is a direct violation of not only the Court's Scheduling Order but also Rule 26(a)(2)(B), which requires Plaintiff to produce expert report that contains, inter alia, a complete statement of all opinions the witness will express and the basis and

reason for them. Fed. R. Civ. P. 26(a)(2)(B)(i).

More importantly, since Plaintiff never provided any expert reports on March 1, 2017, the March 23, 2017 as well as the March 24, 2107 "supplemental" expert reports are not proper "supplemental" expert reports. There was never a first expert report for it to be supplemented. All of the reports are new and untimely. More importantly, the scope of the Rule 26(e) is such that it allows supplemental reports to be filed for the limited purposes of correcting or completing the information contained in the prior report. In fact, supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Luke v. Family Care & Urgent Med., Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009). To be sure, this is not " a loophole through which a party who submits partial expert witness disclosures, or who whishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusion's therein, can add to them to their advantage after the court's deadline for doing so has passed." *Id*. Significantly, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert report." *Beller ex rel. Beller v. U.S.,* 221 F. R. D. 696, 701 (D.N.M. 2003) (citation omitted). To allow additional substantive opinions to an expert report under the guise of "supplementation" after the deadline for expert discovery would "create a system where preliminary reports could be followed by supplementary reports and there would be no finality." *Id.*

Here, clearly both the March 23, 2017 and March 24, 2017 Supplemental expert reports go far and beyond simply correcting inaccuracies or filing minor gaps in their initial reports. Both reports provided numerous new theories and contentions, including previously undisclosed damage calculation. *Linder v. Meadow Gold Dairies, Inc.* 249 F.R.D. 625, 640 (D. Haw. 2008) ("Rule 26(e) … does not give the producing party a license to disregard discovery deadlines and to
6
**MEMO ISO MIL # 3** Case No. **2:16-CV-01672 RGK (JEMx)**

offer new opinions under the guise of the supplemental label.")

That said, in opposing Defendants' Motion, Plaintiff is likely to argue that it was Defendants who should be blamed for the delay in producing the expert reports. Specifically, Plaintiff might take the position that it genuinely thought a settlement with Defendants was forthcoming on or after March 13, 2017 such that it did not retain experts early enough to comply with the Court's mandated deadlines. This argument is porous. By March 13, 2017, the deadline for the expert disclosure had already passed. Indeed, looking back, Plaintiff had numerous opportunities to disclose the existence of experts and retain their experts. They could have hired their experts sometime in 2016. They could have hired their experts in November 2016 when responding to Defendants' special interrogatories. Or, they could have hired their expert in early 2017 to try to supplement their woefully inadequate discovery responses. Instead, Plaintiff chose to wait until merely one week before expert disclosure deadline to be concerned about it. By then, it is far too late for the expert disclosure to be of significance given the rather compressed schedule.

Therefore, the supplemental expert reports as well as any attached documents or any referred documents not timely disclosed should be struck. *See Reyes Canada v. Rey Hernandez*, 233 F.R.D. 238, 242 (D.P.R. 2005) (excluding evidence where nondisclosure of evidence may not have been an intentional act because "the element of undue and unfair surprise remains").

**B.     The Supplemental Expert Reports Are Not Substantially Justified**

Here, as discussed above, Plaintiff failed to provide any expert reports on or before the Court's ordered deadline. Although, Plaintiff could have, at a minimum, sought relief from the deadlines imposed by this Court, it failed to do so. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) ("The purpose of supplementary disclosure is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation

Case 2:16-cv-01672-RGK-JEM Document 86-1 Filed 03/31/17 Page 8 of 12 Page ID #:1151

and report production deadline.).

Given the fact that Plaintiff's allegation of infringement is central to its case in chief, it is inconceivable for Plaintiff to have completely overlooked this expert disclosure obligation well after the fact discovery is closed. This behavior demonstrates a clear lack of diligence and a complete disregard for the Rules, the Court, and the opposing parties. *Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 420401, *5 (D. Nev. Jan. 31, 2013) (finding improper supplementation to be the same). More to the point, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril…Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). Therefore, the expert reports are not substantially justified.

Now, tellingly, Plaintiff newly disclosed expert reports are being used by Plaintiff to defeat Defendants' Motion for Summary Judgment filed on March 15, 2017. Needless to say, it would be extremely prejudicial and highly improper to allow the so-called "supplemental" expert reports to be used in such a manner. After all, at this point Defendants' hands are tied because they could not longer take appropriate countermeasures, including taking depositions and retaining experts of its own. In short, allowing Plaintiff to use the expert reports at this point would, in effect, be a "bonus" rewarding Plaintiff for its "trial by ambush" tactic, not to mention the fact that this gives Plaintiff an unfair second bite of the proverbial apple to fix its failure to timely disclose the expert reports before the expiration of the deadline.

### C. Supplemental Expert Reports Cannot Be Harmless

Plaintiff's delay is not harmless. Trial is just around the corner. There are substantial pleadings and motions that Defendants must prepare and file before

both the trial begins on May 16, 2017. This is especially a concern for defendant's attorney because he is solo practitioner and a practicing CPA. There is only so much time in a day for him to prepare this matter for trial and prepare all the tax returns that are due on April 18, 2017. More specifically, Defendants should not be expected to backtrack its pretrial preparation to locate rebuttal experts in order to understand and test the basis of its experts. It is highly likely that Defendants would need to take the deposition of Plaintiff's experts and issue their own expert report. Thereafter, another *Daubert* challenge will likely ensue.

To accomplish the foregoing, the Court would have to reopen the discovery and continue the trial. Indeed, the Ninth Circuit has said that when the deadlines for disclosing experts and conducting expert discovery had passed, the court **must reopen discovery** and extend the period for submitting expert reports to avoid prejudice. *Jarritos, Inc. v. Reyes*, 345 Fed.Appx. 215, 217 (9th Cir. 2009). In short, all of these last minute scrimmages, invariably, will **harm** Defendants' trial preparation and trial strategy. See *Bowers v. NCAA,* 564 F.Supp. 2d. 322, 345 (D. N.J. 2008) (holding that "reconvening expert depositions where so much water is already under the bridge is not a suitable remedy of the pattern of non-disclosure of important discovery" and that the court should not "be forced by Plaintiff's last minute disclosures to reopen discovery and eventually reargument upon the Daubert *in limine* motions, lest this case… be literally without end"); see *Design strategy, Inc. v. Davis,* 469 F.3d 284, 296-97 (2d Cir. 2006) (affirming exclusion of untimely damages opinion where "discovery had been closed…and at the time of the offer of expert testimony there was only 'a short time left before trial'").

As the Court is well aware, a "complete" expert report was due on March 1, 2017. Yet, Plaintiff's retained experts explicitly stated in their reports that they are reserving the rights to amend and supplement their reports. The March 24, 2017 expert report boldly stated that "[m]y review of Plaintiff's lost profits *is in progress*" and "[m]y testimony in this case will include a Plaintiff's lost profit

component under 35 USC Section 284 which is currently *in progress* and this report *will be supplemented* to include Plaintiff's lost profits." This rolling production of expert report is highly improper, particularly Rule 26(a)(2)(B) requires that written report to contain a "<u>complete statement of all opinions the witness will express and the basis and reasons for them</u>," among other things. Full disclosure must be made of everything to covered in the expert's direct examination and anything considered by the expert. See. Adv. Comm. Notes to 1993 Amendments to Fed R. Civ. P Rule 26(a)(2). Designating a new expert or new opinions after the disclosure deadline is not allowed as a "supplemental disclosure." *See Keener v. United States* 181 FRD 639, 642 (D MT 1998).

While Plaintiff might argue that its late disclosure was harmless because it will not disrupt trial. The Ninth Circuit specifically disapproved this argument and held that "even though the ultimate trial date was still some months away[,]" late supplemental disclosures are not harmless where parties disregard the Court's clear scheduling orders. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) (rejecting that untimely disclosure of expert witness was harmless). *See also Jarritos, Inc. v. Reyes*, 345 Fed. Appx. 215, 217 (9th Cir. 2009) ("When the order establishing an expert disclosure deadline sets a deadline for pretrial motions, we have held that '[d]isruption to the schedule of the court and other parties is not harmless,' even if, as there, 'the ultimate trial date was still some months away'") (internal citation omitted). See *Sloan Valve Co. v. Zurn Indus.*, 2013 U.S. Dist. LEXIS 155730, at *6 (N.D. Ill. Mar. 25, 2013) ("<u>The presumption against supplementation of expert reports at the eleventh hour is particularly important in patent cases where expert discovery is expensive and often integral to the success of the claims</u>.").

In sum, the "Supplemental" expert reports are not justified and harmless, and in fact creates disorder and risk for the Defendants. Accordingly, Plaintiff's expert reports should be struck. Further, Plaintiff should be precluded from calling

its expert witnesses in this trial and from relying upon them in any manner.

**CONCLUSION**

Based upon the foregoing reasons, the expert reports should be rejected and the experts should be precluded from testifying.

Respectfully submitted,

DATED: March 31, 2017　　　　　　　**CONTINENTAL LAW FIRM, APLC**

　/s/ Grant Chien_____
GRANT Y. CHIEN, ESQ
Attorney for Defendants and Counterclaimant, FONG WARE CO. LTD, FONGWARE LLC, FONG WARE INDUSTRIAL CO. LTD, KEN-ZUEI LIU

# CETIFICATE OF SERVICE

At the time of the service, I was over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is 1108 S. Baldwin Ave. 2Fl., Arcadia, CA 91007.

On March 31, 2017, I served true copies of the following document(s) described **DEFENDANTS' FONG WARE CO. LTD, FONGWARE LLC, FONG WARE INDUSTRIAL CO. LTD, AND KEN-ZUEI LIU'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF MOTION IN LIMINE NO. 3** on the interested party in this action as follows:

Aaron S. Craig, Esq.
725 S. FIGUEROA ST. STE. 2800
LOS ANGELES, CA

[] **BY Mail**: I deposited such sealed envelope in the mail at Arcadia, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[] **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the addressee at the address mentioned above.

[] **BY FEDEX**: I deposited such envelopes at Arcadia, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

[] **ELECTRONIC TRANSMISSION**: I caused the above-referenced document(s) to be sent to the persons at the e-mail address(es) listed above on said date. I did not receive, within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

[X] **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service listed obtained from this Court.

I declare under penalty of perjury under the laws of the State of California or United States of America that the foregoing is true and correct and executed on the date indicated above at Arcadia, California.

/s/ Grant Chien
GRANT Y. CHIEN, ESQ