1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Corporation
2  Aaron S. Craig          State Bar No. 204741
        ACraig@aalrr.com
3  Shawn M. Ogle          State Bar No. 266259
        SOgle@aalrr.com
4  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
5  Telephone:  (562) 653-3200
   Fax:  (562) 653-3333
6
   Attorneys for Plaintiff and Cross-Defendant BOILING
7  POINT GROUP, INC.

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

10

11  BOILING POINT GROUP, INC.,          Case No.  2:16-cv-01672-RGK-JEM
    a California corporation,
12                                       **PLAINTIFF AND CROSS-**
                    Plaintiff,           **DEFENDANT BOILING POINT**
13                                       **GROUP, INC.'S MEMORANDUM**
    v.                                   **OF CONTENTIONS OF FACT AND**
14                                       **LAW [L.R. 16-4]**
    FONG WARE CO. LTD.,
15  FONGWARE LLC, FONG WARE
    INDUSTRIAL CO., LTD, and             **Pretrial Conference**:  May 1, 2017 at
16  KEN-ZUEI LIU,                                                   9:00 am

17                  Defendants.          **Jury Trial Date**:      May 16, 2017 at
                                                                   9:00 am
18  FONG WARE CO. LTD., a California
    corporation,
19
                    Cross-Complainant,
20
    v.
21
    BOILING POINT GROUP, INC.,
22  a California corporation,

23                  Cross-Defendant.

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

Elements Of Claim 1:  Direct Patent Infringement Against Fong Ware Defendants ...................................................................................... 8

Elements Of Claim 2(a):  Inducing Patent Infringement Against Defendant Liu ........................................................................................................ 9

Elements Of Claim 2(b):  Inducing Patent Infringement Against Fong Ware Defendants ...................................................................................... 9

Elements Of Claim 3(a):  Contributory Infringement Against Defendant Liu ....... 10

Elements Of Claim 3(b): Contributory Infringement Against Fong Ware Defendants ...................................................................................... 10

Key Evidence In Support Of Claim 1:  Direct Patent Infringement Against Fong Ware Defendants ........................................................................ 10

Key Evidence In Support Of Claim 2(a):  Inducing Patent Infringement Against Defendant Liu ................................................................. 11

Key Evidence In Support Of Claim 2(b):  Inducing Patent Infringement Against Fong Ware Defendants .................................................. 12

Key Evidence In Support Of Claim 3(a):  Contributory Infringement Against Defendant Liu ............................................................................ 14

Key Evidence In Support Of Claim 3(b): Contributory Infringement Against Fong Ware Defendants ........................................................................ 15

Elements Of Counterclaim 1: Declaratory Judgment of Non-Infringement of Design Patent .......................................................................... 17

Elements Of Counterclaim 2: Declaratory Judgment of Non-Infringement, Non-Inducement, and Invalidity of Design Patent .......................... 17

Elements Of Counterclaim 3: Declaratory Judgment of Unenforceability ............ 17

Elements Of First Affirmative Defense: Failure to State a Cause of Action .......... 18

Elements Of Second Affirmative Defense: Unclean Hands and Inequitable Conduct ........................................................................................... 18

Elements Of Third Affirmative Defense: Statute of Limitations ............................. 18

Elements Of Fourth Affirmative Defense: Unenforceability ................................... 18

Elements Of Fifth Affirmative Defense: Laches and Estoppel ............................... 19

Elements Of Sixth Affirmative Defense: Patent Exhaustion .................................. 19

Elements Of Seventh Affirmative Defense: Non-Infringement ............................... 19

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF CONTENTS**
**CONTINUED**

<u>Page(s)</u>

Elements Of Eighth Affirmative Defense: Failure to Mitigate ............................... 19

Elements Of Ninth Affirmative Defense: Prosecution History Estoppel ................ 19

Elements Of Tenth Affirmative Defense: No Causation .......................................... 20

Elements Of Eleventh Affirmative Defense: No Damage ........................................ 20

Elements Of Twelfth Affirmative Defense: Punitive Damages
    Unconstitutional ................................................................................................ 20

Elements Of Thirteenth Affirmative Defense: Invalid Design Patent .................... 20

Key Evidence In Opposition To First and Second Counterclaims .......................... 21

Key Evidence In Opposition To Third Counterclaim ............................................. 21

Key Evidence In Opposition To Defendants' First Affirmative Defense -
    Failure to State a Claim .................................................................................... 21

Key Evidence In Opposition To Defendants' Second Affirmative Defense –
    Unclean Hands and Inequitable Conduct ......................................................... 22

Key Evidence In Opposition To Defendants' Third Affirmative Defense –
    Statute of Limitations ....................................................................................... 22

Key Evidence In Opposition To Defendants' Fourth Affirmative Defense –
    Unenforceability ............................................................................................... 22

Key Evidence In Opposition To Defendants' Fifth Affirmative Defense –
    Laches and Estoppel ......................................................................................... 23

Key Evidence In Opposition To Defendants' Sixth Affirmative Defense –
    Patent Exhaustion ............................................................................................. 23

Key Evidence In Opposition To Defendants' Seventh Affirmative Defense –
    Non-Infringement ............................................................................................. 23

Key Evidence In Opposition To Defendants' Eighth Affirmative Defense –
    Failure to Mitigate ............................................................................................ 23

Key Evidence In Opposition To Defendants' Ninth Affirmative Defense –
    Prosecution History Estoppel ........................................................................... 23

Key Evidence In Opposition To Defendants' Tenth Affirmative Defense – No
    Causation .......................................................................................................... 24

Key Evidence In Opposition To Defendants' Eleventh Affirmative Defense –
    No Damage ........................................................................................................ 24

Key Evidence In Opposition To Defendants' Twelfth Affirmative Defense –

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1

**TABLE OF CONTENTS**
**CONTINUED**

2
**Page(s)**

3        Punitive Damages Unconstitutional ............................................................. 24

4   Key Evidence In Opposition To Defendants' Thirteenth Affirmative Defense

5        – Invalid Design Patent ................................................................................ 24

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

015395.00008
15595522.1

BOILING POINT GROUP, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

1st Media, LLC v. Elec. Arts, Inc.
694 F.3d 1367 (Fed. Cir. 2012) ............................................................... 17

578539 B.C., Ltd. v. Kortz
2014 WL 12572679 (C.D. Cal. 2014) ...............................18, 19, 22, 23

G & G Closed Circuit Events, LLC v. Nguyen
2013 WL 132471 (N.D. Cal. Jan. 9, 2013) ......................................... 19

J & J Sports Prods., Inc. v. Delgado
2011 WL 219594 (E.D. Cal. Jan. 19, 2011) .................................17, 20

Kaneka Corp. v. SKC Kolon PI, Inc.
198 F. Supp. 3d 1089 ................................................................................ 22

McKesson Information Solutions, Inc. v. Bridge Med., Inc.
487 F.3d 897 (Fed. Cir. 2007) ............................................................... 17

Octane Fitness, LLC v. ICON Health & Fitness, Inc.
134 S.Ct. 1749 (2014) .............................................................................. 25

Quintana v. Baca
233 F.R.D. 562 (C.D. Cal. 2005) .......................................................17, 20

Theresense, Inc. v. Becton, Dickson & Co.
649 F.3d 1276 (Fed. Cir. 2011) ............................................................. 17

Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.
587 F.3d 1339 (Fed. Cir. 2009) ............................................................. 18

Vogel v. Huntington Oaks Delaware Partners, LLC
291 F.R.D. 438 (C.D. Cal. 2013) .......................................................19, 23

**FEDERAL CODES/STATUTES**

35 U.S.C. § 271 ............................................................................................ 6

35 U.S.C. § 271(c) ....................................................................................... 6

35 U.S.C. § 284 .......................................................................................19, 23

35 U.S.C. § 285 ............................................................................................ 25

35 U.S.C. § 286 .......................................................................................17, 21

**OTHER AUTHORITIES**

CACI 3931   18

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

015395.00008
15595522.1

BOILING POINT GROUP, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES
## CONTINUED

**Page(s)**

*L.R. 16-4* ................................................................................................................ 6

*L.R. 16-4.1* ............................................................................................................. 6

**L.R. 16-4.2** ............................................................................................................ 25

**L.R. 16-4.3** ............................................................................................................ 25

**L.R. 16-4.4** ............................................................................................................ 25

**L.R. 16-4.5** ............................................................................................................ 25

**L.R. 16-4.6** ............................................................................................................ 26

Local Rule 16-4 ...................................................................................................... 6

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

BOILING POINT GROUP, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 16-4, Plaintiff BOILING POINT GROUP, INC. (hereinafter "Plaintiff" or "Boiling Point"), provides its Memorandum of Contentions of Fact and Law:

*L.R. 16-4.1 Claims and Defenses.*  The Memorandum shall contain:

*(a)     A summary statement of the claims Plaintiff has pleaded and plans to pursue.*

**Claim 1**:    Defendants Fong Ware Co. Ltd., FongWare LLC, and Fong Ware Industrial Co., LTD (collectively the "Fong Ware Defendants") have infringed Plaintiff's D680811 (the "'811 Patent") by manufacturing, making, using, selling, offering for sale, and/or importing hot pot apparatus Model No. FW-1308 ("FW-1308" or "Accused Product") which is substantially similar to the overall appearance of the '811 Patent; thus, are liable for patent infringement under 35 U.S.C. § 271.

**Claim 2(a)**: Defendant Ken-Zuei Liu ("Liu") has intentionally taken actions that induced the Fong Ware Defendants to directly infringe the '811 Patent by causing the Fong Ware Defendants to manufacture, use, sell, offer for sale, and/or import into the United States, the FW-1308 Accused Product that infringes the '811 Patent; thus, is liable for inducement of patent infringement under 35 U.S.C. § 271(c).

**Claim 2(b)**: The Fong Ware Defendants have intentionally taken actions that induced their customers to infringe the '811 Patent, such as by manufacturing, using, selling, offering for sale, and/or importing into the United States, the FW-1308 Accused Product that infringes the '811 Patent; thus, are liable for inducement of patent infringement under 35 U.S.C. § 271(c).

**Claim 3(a)**: Defendant Liu contributed to the infringement of the '811 Patent by intentionally supplying components of the FW-1308 Accused Product that was used by the Fong Ware Defendants to infringe upon the '811 Patent.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

015395.00008
15595522.1

**Claim 3(b)**: The Fong Ware Defendants contributed to the infringement of the '811 Patent by intentionally supplying components of the infringing FW-1308 Accused Product to their customers resulting in the customers' infringing use.

*(b)   The elements required to establish Plaintiff's claims.   The elements shall be listed separately for each claim, as found in standard jury instructions or case law.*

**Claim 1:  Direct Patent Infringement Against Fong Ware Defendants**

1.   Taking into consideration the prior art, the overall appearance of the FW-1308 is substantially the same as the overall appearance of the '811 Patent.

2.   The jury should consider the following guidelines in conducting its analysis:

   a.   If the '811 Patent is visually close to the prior art designs, small differences between the FW-1308 and the '811 Patent may be important to the analysis as to whether the overall appearance of the FW-1308 is substantially the same as the overall appearance of the '811 Patent;

   b.   If the FW-1308 includes a particular feature of the '811 Patent that departs conspicuously from the prior art, the jury may find the inclusion of that feature important to its analysis as to whether the overall appearance of the FW-1308 is substantially the same as the overall appearance of the '811 Patent;

   c.   If the FW-1308 is visually closer to the '811 Patent than it is to the closest prior art, the jury may find this comparison important to its analysis as to whether the overall appearance of the FW-1308 is substantially the same as the overall appearance of the '811 Patent.

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 8.3, p. 25 (2010).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**Claim 2(a):  Inducing Patent Infringement Against Defendant Liu**

1.    At least one of the Fong Ware Defendants directly infringed the '811 Patent with the FW-1308 Accused Product;

2.    Defendant Liu actively and knowingly aided and abetted that direct infringement;

3.    Defendant Liu actually intended to cause the acts that constitute direct infringement;

4.    Defendant  Liu knew of the '811 Patent; and

5.    Defendant Liu knew or should have known that its actions would lead to actual infringement by one of the Fong Ware Defendants.

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 8.4, p. 26 (2010).

**Claim 2(b):  Inducing Patent Infringement Against Fong Ware Defendants**

1.    At least one customer of the Fong Ware Defendants directly infringed the '811 Patent with the FW-1308 Accused Product;

2.    Fong Ware Defendants actively and knowingly aided and abetted that direct infringement;

3.    Fong Ware Defendants actually intended to cause the acts that constitute direct infringement;

4.    Fong Ware Defendants knew of the '811 Patent; and

5.    Fong Ware Defendants knew or should have known that its actions would lead to actual infringement by at least one of their customers.

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 8.4, p. 26 (2010).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

### <u>Claim 3(a):  Contributory Infringement Against Defendant Liu</u>

1.      At least one of the Fong Ware Defendants directly infringed the '811 Patent with the FW-1308 Accused Product;

2.      Defendant Liu sold, offered for sale, or imported;

3.      A material component of the patented design that is not a staple article of commerce capable of substantial non-infringing use; and

4.      With knowledge that the component was especially made or adapted for use in an infringing FW-1308 Accused Product.

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 8.5, p. 27 (2010).

### <u>Claim 3(b): Contributory Infringement Against Fong Ware Defendants</u>

1.      At least one customer of the Fong Ware Defendants directly infringed the '811 Patent with the FW-1308 Accused Product;

2.      Fong Ware Defendants sold, offered for sale, or imported;

3.      A material component of the patented design that is not a staple article of commerce capable of substantial non-infringing use; and

4.      With knowledge that the component was especially made or adapted for use in an infringing FW-1308 Accused Product.

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 8.5, p. 27 (2010).

*(c)    A brief description of the key evidence in support of each of the claims:*

### <u>Claim 1:  Direct Patent Infringement Against Fong Ware Defendants</u>

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the embodiment of the '811 Patent (i.e., the "BP Apparatus"), the BP Apparatus itself, the prior art cited by the patent examiner,

testimony from Plaintiff's officers and employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; the invoices and custodian of records declaration and/or testimony from JC Foodservice Inc. dba Action Sales; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 Accused Product and the likelihood of customer confusion.

This evidence will show that the FW-1308 Accused Product infringes upon not only the overall size and shape of the '811 Patent, but also at least five elements of the '811 Patent as follows: (1) the square top with a raised rim; (2) the unique and distinguishing look of a frusto-conical bowl in the middle of a boxy frame; (3) four equally-spaced upwardly extending and protruding prongs along the top rim of the frusto-conical bowl, each with two "tentacles"; (4) two opposing gaps around the top rim of the frusto-conical bowl such that the complete circular perimeter is separated into two half circles by these two gaps; and (5) a boxy frame with side walls containing horizontal windows located approximately half way down the wall.

### Claim 2(a):  Inducing Patent Infringement Against Defendant Liu

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner, testimony from Plaintiff's officers and employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; the deposition testimony from Defendant Liu admitting that the alleged prior art, FW-1243, was not imported into the United States until September

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

2012; deposition testimony from Mr. Liu admitting that he makes all decisions over the products imported and sold by the Fong Ware Defendants; the deposition testimony from Mr. Liu admitting that he has been to a Boiling Point restaurant in 2013 and seen the BP Apparatus; testimony from Boiling Point officers regarding the marking of the BP Apparatus with the '811 Patent; deposition testimony from Mr. Liu admitting that he caused the Fong Ware Defendants to make sales of the Accused Product after this litigation was filed; invoices showing that the Fong Ware Defendants' distributor made sales of the Accused Product after this litigation was filed; the invoices and custodian of records declaration and/or testimony from JC Foodservice Inc. dba Action Sales; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 and the likelihood of customer confusion.

This evidence will show that the FW-1308 directly infringes upon not only the overall size and shape of the '811 Patent, but also at least five elements of the '811 Patent as follows: (1) the square top with a raised rim; (2) the unique and distinguishing look of a frusto-conical bowl in the middle of a boxy frame; (3) four equally-spaced upwardly extending and protruding prongs along the top rim of the frusto-conical bowl, each with two "tentacles"; (4) two opposing gaps around the top rim of the frusto-conical bowl such that the complete circular perimeter is separated into two half circles by these two gaps; and (5) a boxy frame with side walls containing horizontal windows located approximately half way down the wall. This evidence will further show that Mr. Liu induced the Fong Ware Defendants to directly infringe the '811 Patent.

### Claim 2(b):  Inducing Patent Infringement Against Fong Ware Defendants

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner, testimony from Plaintiff's officers and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; the deposition testimony from the Fong Ware Defendants' principal admitting that he has been to a Boiling Point restaurant in 2013 and seen the BP Apparatus; testimony from Boiling Point officers regarding the marking of the BP Apparatus with the '811 Patent; deposition testimony from the Fong Ware Defendants' principal admitting that he caused the Fong Ware Defendants to make sales of the Accused Product after this litigation was filed; invoices showing that the Fong Ware Defendants' distributor made sales of the Accused Product after this litigation was filed; the invoices and custodian of records declaration and/or testimony from JC Foodservice Inc. dba Action Sales; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 and the likelihood of customer confusion.

This evidence will show that the FW-1308 infringes upon not only the overall size and shape of the '811 Patent, but also at least five elements of the '811 Patent as follows: (1) the square top with a raised rim; (2) the unique and distinguishing look of a frusto-conical bowl in the middle of a boxy frame; (3) four equally-spaced upwardly extending and protruding prongs along the top rim of the frusto-conical bowl, each with two "tentacles"; (4) two opposing gaps around the top rim of the frusto-conical bowl such that the complete circular perimeter is separated into two half circles by these two gaps; and (5) a boxy frame with side walls containing horizontal windows located approximately half way down the wall.  This evidence will further show that the Fong Ware Defendants induced their customers to directly infringe the '811 Patent.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

<u>**Claim 3(a):  Contributory Infringement Against Defendant Liu**</u>

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner, testimony from Plaintiff's officers and employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; deposition testimony from Liu admitting that he makes all decisions over the products imported and sold by the Fong Ware Defendants; the deposition testimony from Liu admitting that he has been to a Boiling Point restaurant in 2013 and seen the BP Apparatus; testimony from Boiling Point officers regarding the marking of the BP Apparatus with the '811 Patent; deposition testimony from Liu admitting that he caused the Fong Ware Defendants to make sales of the Accused Product after this litigation was filed; invoices showing that the Fong Ware Defendants' distributor made sales of the Accused Product after this litigation was filed; the invoices and custodian of records declaration and/or testimony from JC Foodservice Inc. dba Action Sales; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 and the likelihood of consumer confusion.

This evidence will show that the FW-1308 infringes upon not only the overall size and shape of the '811 Patent, but also at least five elements of the '811 Patent as follows: (1) the square top with a raised rim; (2) the unique and distinguishing look of a frusto-conical bowl in the middle of a boxy frame; (3) four equally-spaced upwardly extending and protruding prongs along the top rim of the frusto-conical bowl, each with two "tentacles"; (4) two opposing gaps around the top rim of the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

frusto-conical bowl such that the complete circular perimeter is separated into two half circles by these two gaps; and (5) a boxy frame with side walls containing horizontal windows located approximately half way down the wall. This evidence will further show that Mr. Liu contributed the Fong Ware Defendants' direct infringement of the '811 Patent.

### Claim 3(b): Contributory Infringement Against Fong Ware Defendants

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner, testimony from Plaintiff's officers and employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; testimony from Plaintiff's officers and employees that Plaintiff does not sell or license the '811 Patent and that the BP Apparatus is exclusively used at Plaintiff's restaurants; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; the deposition testimony from the Fong Ware Defendants' principal admitting that he has been to a Boiling Point restaurant in 2013 and seen the BP Apparatus; testimony from Boiling Point officers regarding the marking of the BP Apparatus with the '811 Patent; deposition testimony from the Fong Ware Defendants' principal admitting that he caused the Fong Ware Defendants to make sales of the Accused Product after this litigation was filed; invoices showing that the Fong Ware Defendants' distributor made sales of the Accused Product after this litigation was filed; the invoices and custodian of records declaration and/or testimony from JC Foodservice Inc. dba Action Sales; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 and the likelihood of customer confusion.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

This evidence will show that the FW-1308 infringes upon not only the overall size and shape of the '811 Patent, but also at least five elements of the '811 Patent as follows: (1) the square top with a raised rim; (2) the unique and distinguishing look of a frusto-conical bowl in the middle of a boxy frame; (3) four equally-spaced upwardly extending and protruding prongs along the top rim of the frusto-conical bowl, each with two "tentacles"; (4) two opposing gaps around the top rim of the frusto-conical bowl such that the complete circular perimeter is separated into two half circles by these two gaps; and (5) a boxy frame with side walls containing horizontal windows located approximately half way down the wall.  This evidence will further show that the Fong Ware Defendants contributed to their customers directly infringing the '811 Patent.

*(d)   A summary statement of the counterclaims and affirmative defenses Defendants have pled and plan to pursue.*

Defendants have pleaded three counterclaims and thirteen affirmative defenses.  Plaintiff's counsel asked Defendants' counsel on March 29, 2017 to state which counterclaims and affirmative defenses they intended to pursue.  Defendants' counsel did not respond to this request.  As a result, Plaintiff does not know which of their counterclaims and affirmative defenses Defendants intend to pursue.  From Defendants' Motion for Summary Judgment filed on March 15, 2017 [Dkt. 64], Plaintiff understands Defendants to be primarily relying on its non-infringement and invalidity defenses and counterclaims, and that Defendants' invalidity arguments center around its contention that the '811 Patent is obvious in light of certain prior art.

**Counterclaims and Affirmative Defenses Pleaded**:

- Counterclaim 1: Declaratory Judgment of Non-Infringement of Design Patent

- Counterclaim 2: Declaratory Judgment of Non-Infringement, Non-Inducement, and Invalidity of Design Patent

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- • <u>Counterclaim 3</u>: Declaratory Judgment of Unenforceability
- • <u>First Affirmative Defense</u>: Failure to State a Cause of Action
- • <u>Second Affirmative Defense</u>: Unclean Hands and Inequitable Conduct
- • <u>Third Affirmative Defense</u>: Statute of Limitations
- • <u>Fourth Affirmative Defense</u>: Unenforceability
- • <u>Fifth Affirmative Defense</u>: Laches and Estoppel
- • <u>Sixth Affirmative Defense</u>: Patent Exhaustion
- • <u>Seventh Affirmative Defense</u>: Non-Infringement
- • <u>Eighth Affirmative Defense</u>: Failure to Mitigate
- • <u>Ninth Affirmative Defense</u>: Prosecution History Estoppel
- • <u>Tenth Affirmative Defense</u>: No Causation
- • <u>Eleventh Affirmative Defense</u>: No Damage
- • <u>Twelfth Affirmative Defense</u>: Punitive Damages Unconstitutional
- • <u>Thirteenth Affirmative Defense</u>: Invalid Design Patent

*(e)    The elements required to establish Defendants' counterclaims and affirmative defenses.  The elements shall be listed separately for each claim, as found, for example, in standard jury instructions or case law.*

## <u>Counterclaim 1: Declaratory Judgment of Non-Infringement of Design Patent</u>

Counterclaim 1 is duplicative of Plaintiff's Claim 1 in that it requires an adverse finding to Plaintiff's Claim 1.

## <u>Counterclaim 2: Declaratory Judgment of Non-Infringement, Non-Inducement, and Invalidity of Design Patent</u>

Counterclaim 2 is duplicative of Plaintiff's Claims 1 through 3(b) in that it requires adverse findings to Plaintiff's Claims 1 through 3(b).

## <u>Counterclaim 3: Declaratory Judgment of Unenforceability</u>

1.    Plaintiff made a misrepresentation to the USPTO;

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

2.     The misrepresentation was material; and

3.     The misrepresentation was made with an intent to deceive.

Theresense, Inc. v. Becton, Dickson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011);

1st Media, LLC v. Elec. Arts, Inc., 694 F.3d 1367, 1372 (Fed. Cir. 2012).

**<u>First Affirmative Defense:</u> Failure to State a Cause of Action**

Failure to state a claim is not an affirmative defense; rather, the failure to state a claim alleges there is a defect in Plaintiff's prima facie case as a matter of law. Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005); J & J Sports Prods., Inc. v. Delgado, 2011 WL 219594 *2 (E.D. Cal. Jan. 19, 2011).

**<u>Second Affirmative Defense:</u> Unclean Hands and Inequitable Conduct**

1.     Plaintiff made a misrepresentation to the USPTO;

2.     The misrepresentation was material; and

3.     The misrepresentation was made with an intent to deceive.

Theresense, Inc. v. Becton, Dickson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011); 1st Media, LLC v. Elec. Arts, Inc., 694 F.3d 1367, 1372 (Fed. Cir. 2012).

**<u>Third Affirmative Defense:</u> Statute of Limitations**

1.     Defendants began infringing upon the '811 Patent prior to March 11, 2010;

2.     Plaintiff discovered, or reasonably should have discovered, Defendants infringement prior to March 11, 2010; and

3.     Plaintiff did not file this lawsuit until March 11, 2016.

35 U.S.C. § 286.

**<u>Fourth Affirmative Defense:</u> Unenforceability**

1.     Plaintiff failed to disclose relevant prior art to the USPTO during the prosecution of the '811 Patent Application;

2.     The failure to disclose the relevant prior art was intentional; and

3.     The undisclosed prior art was material to the issuance of the '811 Patent.

McKesson Information Solutions, Inc. v. Bridge Med., Inc., 487 F.3d 897, 913 (Fed. Cir. 2007)

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**<u>Fifth Affirmative Defense</u>: Laches and Estoppel**

1.      Plaintiff delayed in filing suit for an unreasonable and inexcusable length of time from the time it knew or reasonably should have known of their claim against Defendants; and

2.      The delay operated to the prejudice or injury of Defendants.

<u>Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp.</u>, 587 F.3d 1339, 1349 (Fed. Cir. 2009).

**<u>Sixth Affirmative Defense</u>: Patent Exhaustion**

1.      Whether there was an authorized sale of the '811 Patent by Plaintiff which triggered the exhaustion of Plaintiff's rights under the '811 Patent.

**<u>Seventh Affirmative Defense</u>: Non-Infringement**

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case.  <u>578539 B.C., Ltd. v. Kortz</u>, 2014 WL 12572679 *7-8 (C.D. Cal. 2014).

**<u>Eighth Affirmative Defense</u>: Failure to Mitigate**

1.      Defendant(s) are responsible for the damage incurred by Plaintiff;

2.      Plaintiff could have avoided a certain amount of damage with reasonable efforts or expenditures; and

3.      Plaintiff failed to take such reasonable efforts or expenditures.

CACI 3931

**<u>Ninth Affirmative Defense</u>: Prosecution History Estoppel**

1.      The '811 Patent Application was amended;

2.      The amendment narrowed the scope of the claims contained within the '811 Patent Application; and

3.      The FW-1308 encompasses the claims that were excluded by the narrowing amendment.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**Tenth Affirmative Defense: No Causation**

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case.  578539 B.C., Ltd. v. Kortz, 2014 WL 12572679 *7-8 (C.D. Cal. 2014).

**Eleventh Affirmative Defense: No Damage**

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case.  Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013).

**Twelfth Affirmative Defense: Punitive Damages Unconstitutional**

Plaintiff has not pled any request for Punitive Damages.  To the extent Defendants misconstrue Plaintiff's request for treble damages as a request for punitive damages, Plaintiff's request for treble damages is expressly authorized by 35 U.S.C. § 284.  See also G & G Closed Circuit Events, LLC v. Nguyen, 2013 WL 132471 *2 (N.D. Cal. Jan. 9, 2013) ("Defendants claim that punitive damages are unconstitutional is nothing more than a statement of opinion in its current form.")

**Thirteenth Affirmative Defense: Invalid Design Patent**

1. The '811 Patent is invalid as 'obvious' if it would have been obvious to a designer of ordinary skill who designs hot pot apparatuses.  The following factors must be considered:

   a. The scope and content of the prior art relied upon by the Defendants;

   b. The difference or differences, if any, between the design of the '811 Patent that Defendants contend is obvious and the prior art;

   c. The level of ordinary skill in the art at the time the design of the '811 Patent was made; and

   d. If the ordinary observer would find the two designs are substantially the same

INTELLECTUAL PROPERTY OWNERS ASSOCIATION, MODEL DESIGN PATENT JURY INSTRUCTIONS, Instruction 9.7, p. 36 (2010).

*(f)     A brief description of the key evidence relied on in opposition to each counterclaim and affirmative defense.  The evidence should be listed separately for each element of each counterclaim and affirmative defense.*

### First and Second Counterclaims

The First and Second Counterclaims are duplicative of the claims asserted in the Complaint and simply request a declaratory judgment that Defendants of Non-Infringement, Non-Inducement, and Invalidity.  As such, the evidence that Plaintiff will rely upon in opposition to the First and Second Counterclaims will be the same as the evidence listed in Subsection (c) above.

### Third Counterclaim

As for the Third Counterclaim, the evidence that Plaintiff will rely upon in opposition will include the '811 Patent Application; the '811 Patent; the prior art cited by the USPTO examiner; the photographs of Plaintiff's Pre-2012 devices; the invoices and bills of lading for FW-1243; the deposition testimony of Mr. Liu admitting that FW-1243 was first imported into the United States on September 5, 2012, approximately seven (7) months after the '811 Patent Application was filed with the USPTO; the Answer filed by Defendants stating that they lacked sufficient knowledge or belief to admit or deny whether the '811 Patent was a substantial advance over the prior art [Dkt. 42 ¶ 18, Dkt. 45 ¶ 18, Dkt. 47 ¶ 18].

### Defendants' First Affirmative Defense - Failure to State a Claim

Failure to state a claim is not an affirmative defense; rather, the failure to state a claim alleges there is a defect in Plaintiff's prima facie case as a matter of law. Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005); J & J Sports Prods., Inc. v. Delgado, 2011 WL 219594 *2 (E.D. Cal. Jan. 19, 2011).  Thus, the alleged failure to state a claim is a question of law, not fact.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## Defendants' Second Affirmative Defense – Unclean Hands and Inequitable Conduct

The '811 Patent Application, the '811 Patent; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; the invoices and bills of lading for the FW-1243; the Answer filed by Defendants stating that they lacked sufficient knowledge or belief to admit or deny whether the '811 Patent was a substantial advance over the prior art [Dkt. 42 ¶ 18, Dkt. 45 ¶ 18, Dkt. 47 ¶ 18]; pictures of the embodiment of the '811 Patent, i.e., the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner.

## Defendants' Third Affirmative Defense – Statute of Limitations

The statute of limitations on Patent Infringement is six-years.  35 U.S.C. § 286.  The '811 Patent Application was filed on February 14, 2012.  The '811 Patent was granted on April 30, 2013.  Defendants' principal testified that the Accused Product was not designed prior to 2012, therefore this defense appears untenable.  Even if Defendants infringed upon the '811 Patent immediately after the application was filed, six years did not run from the filing of the Complaint on March 11, 2016.  Moreover, Plaintiff will testify that Defendants' infringement was not discovered until 2014.  Clearly, the six year statute of limitations has not run.

## Defendants' Fourth Affirmative Defense – Unenforceability

The '811 Patent Application, the '811 Patent; the deposition testimony from Defendants' principal admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; the invoices and bills of lading regarding the FW-1243; the Answer filed by Defendants stating that they lacked sufficient knowledge or belief to admit or deny whether the '811 Patent was a substantial advance over the prior art [Dkt. 42 ¶ 18, Dkt. 45 ¶ 18, Dkt. 47 ¶ 18]; pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner.

### Defendants' Fifth Affirmative Defense – Laches and Estoppel

The '811 Patent Application was filed on February 14, 2012; on April 30, 2014, the '811 Patent was granted; Plaintiff discovered the existence of the infringing FW-1308 in 2014; Plaintiff initiated this action in March 2016; no evidence supports any laches or estoppel theory.

### Defendants' Sixth Affirmative Defense – Patent Exhaustion

"[T]he patent exhaustion inquiry focuses on a single question: whether or not there was an authorized sale that triggered the exhaustion of the patentee's right." Kaneka Corp. v. SKC Kolon PI, Inc., 198 F. Supp. 3d 1089, 1114 (C.D. Cal. 2016). Plaintiff's officers and employees will testify that it does not sell or otherwise license the '811 Patent or the embodiment of the '811 Patent, the BPG Apparatus, and certainly did not do so prior to February 14, 2012—the date of the application that led to the '811 Patent.

### Defendants' Seventh Affirmative Defense – Non-Infringement

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case.  578539 B.C., Ltd. v. Kortz, 2014 WL 12572679 *7-8 (C.D. Cal. 2014).   Moreover, the evidence in opposition to this alleged 'defense' would be the same evidence that supports Plaintiff's claims as set forth in Subsection (c) above.

### Defendants' Eighth Affirmative Defense – Failure to Mitigate

Plaintiff has not failed to mitigate its damages. Defendants have continued to sell the FW-1308 within the United States even after this lawsuit was filed.  There is nothing Plaintiff could have done differently to mitigate its damages.

### Defendants' Ninth Affirmative Defense – Prosecution History Estoppel

The '811 Patent, the '811 Patent Application, the prosecution history and the prior art cited by the patent examiner.  The evidence will show that the '811 Patent Application was never amended, and there was certainly no amendment narrowing the original '811 Patent Application.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

### Defendants' Tenth Affirmative Defense – No Causation

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case. <u>578539 B.C., Ltd. v. Kortz</u>, 2014 WL 12572679 *7-8 (C.D. Cal. 2014). Moreover, the evidence in opposition to this alleged 'defense' would be the same evidence that supports Plaintiff's claims as set forth in Subsection (c) above.

### Defendants' Eleventh Affirmative Defense – No Damage

This is not a proper affirmative defense; rather, the alleged defect would be part of Plaintiff's prima facie case. <u>Vogel v. Huntington Oaks Delaware Partners, LLC</u>, 291 F.R.D. 438, 442 (C.D. Cal. 2013). In addition, the testimony of Plaintiff's officers and employees, as well as expert witness Brian Buss, will testify that Plaintiff has in fact sustained damages.

### Defendants' Twelfth Affirmative Defense – Punitive Damages Unconstitutional

Plaintiff has not pled any request for Punitive Damages. To the extent Defendants misconstrue Plaintiff's request for treble damages as a request for punitive damages, Plaintiff's request for treble damages is specifically authorized by 35 U.S.C. § 284.

### Defendants' Thirteenth Affirmative Defense – Invalid Design Patent

The FW-1308 Accused Product, pictures of the FW-1308, the '811 Patent Application, the '811 Patent, pictures of the BP Apparatus, the BP Apparatus itself, the prior art cited by the patent examiner, testimony from Plaintiff's officers and employees describing the importance of the '811 Patent to Plaintiff's operations; testimony from Plaintiff's officers and employees describing the hot pot apparatuses used by Plaintiff prior to 2012, pictures of the hot pot apparatuses used by Plaintiff prior to 2012; the deposition testimony from Defendant Liu admitting that the alleged prior art, FW-1243, was not imported into the United States until September 2012; testimony from Boiling Point officers regarding the marking of the BP

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Apparatus with the '811 Patent; and expert testimony from Rhonda Harper regarding the substantial similarities of the overall appearance between the '811 Patent and the FW-1308 and the differences between the '811 Patent and the FW-1308 on the one hand, and the prior art on the other hand, as well as the likelihood of customer confusion in light of the prior art.

(g)     *Similar statements for all third parties.*

Not applicable.

(h)     *Identification of any anticipated evidentiary issues, together with the party's position on those issues.*

Plaintiff believes that Defendants may try to introduce, as evidence of prior art, searches conducted in 2017 on the internet as to what images existed on the internet prior to 2012.  Such evidence is inadmissible without proper foundation and authentication.

Defendants appear by their Motions *in Limine* to be trying to preclude the testimony of Plaintiff's two expert witnesses because their reports were provided to Defendants on March 23 and 24, 2017.  However, their names and identities were disclosed to Defendants on March 1, 2017 in accordance with the Court's Order; Defendants agreed that full reports did not need to be produced while settlement discussions were ongoing in order to maximize the likelihood of settlement (and the parties were vigorously negotiating settlement up through March 13, 2017, which included an apparent agreement as to settlement terms on March 10, 2017 and Plaintiff sending Defendants a settlement agreement on March 12, 2017 at Defendants' request).  Moreover, Plaintiff has asked Defendants several times when they wish to take the depositions of Plaintiff's expert witnesses, but Defendants have declined to do so.

(i)     *Identification of any issues of law, such as the proper interpretation of a governing statute, which are germane to the case, together with the party's position on those issues.*

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

There appears to be a dispute between the parties as to whether the use in Taiwan of a particular hot pot burner prior to the date of the application that led to the '811 Patent constitutes proper prior art.

**L.R. 16-4.2 [Abrogated]**

**L.R. 16-4.3 Bifurcation of Issues.**   The Memorandum shall contain any request for bifurcation of issues and an explanation for the request.

Not applicable.

**L.R. 16-4.4 Jury Trial.**  The Memorandum shall state whether any issues are triable to a jury as a matter of right and, if so, whether a timely demand for jury has been made, or whether the matter will be tried to the Court.

Plaintiff made timely demand for a jury trial; Plaintiff intends to try all of its claims to a jury.

**L.R. 16-4.5 Attorneys' Fees.**   If a party claims that attorneys' fees are recoverable, the Memorandum shall discuss the factual and legal basis of such claim.

Plaintiff is entitled to an award of its attorneys' fees under 35 U.S.C. § 285 because the evidence will support a finding that this case is exceptional within the meaning of the statute.  "[A]n exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and facts of the case) or the unreasonable manner in which the case was litigated."  Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S.Ct. 1749, 1756 (2014).

Plaintiff's evidence in support of its claim that this is an exceptional case entitling it to attorneys' fees include Defendants' continued sales of the FW-1308 even after this litigation was initiated.  Both Mr. Liu and his father, the creator of the FW-1308 Accused Product, have eaten at Plaintiff's restaurants where the BP Apparatus is placed at every table (including Mr. Liu's and his father's) and is prominently displayed on Plaintiff's menu and throughout the restaurant.

015395.00008
15595522.1

Furthermore, Defendants litigation tactics have been unreasonable in that Defendants continue to contend that Plaintiff's Expert Disclosure was untimely, even though Plaintiff identified its expert witnesses to Defendants on March 1, 2017, the deadline set forth in the Court's Scheduling Order, and Defendants' counsel agreed to toll the deadline for providing expert reports in light of the parties being engaged in intense settlement negotiations in February and March 2017. Defendants have also had ample opportunity to take depositions of Plaintiff's experts but have declined to do so.  Defendants also appeared for just a few hours of their deposition (which included an interpreter and thus proceeded very slowly), then left before the deposition was over and refused to return to complete the deposition.  These circumstances warrant the awarding of attorney's fees.

**L.R. 16-4.6 *Abandonment of Issues.***  The Memorandum shall identify any pleaded claims or affirmative defenses which have been abandoned.

In an effort to simplify the issues and shorten the trial, Plaintiff has elected to not seek its own lost profits caused by Defendants' infringement, and instead will seek only Defendants' profits, along with treble damages in the event willful infringement is found.  As set forth above, Defendants have not informed Plaintiff whether they have abandoned any of their counterclaims or affirmative defenses

In the event that Defendants are willing to stipulate that its Accused Product is not comprised of components and that it should be treated as a single article, Plaintiff will abandon its Claims 3a and 3b for contributory infringement.

Dated:  April 11, 2017

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:    /s/ Aaron S. Craig
         Aaron S. Craig
         Shawn M. Ogle
         Attorneys for Plaintiff and Cross-Defendant BOILING POINT GROUP, INC.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333