JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment (DE 64)

## I.  INTRODUCTION

On May 26, 2016, Boiling Point Group, Inc. ("Plaintiff") filed a First Amended Complaint ("FAC") against Fong Ware Co. Ltd., Fongware LLC, Fong Ware Industrial Co., Ltd., and Ken-Zuei Liu (collectively, "Defendants"). The FAC asserts three claims: (1) Patent Infringement, (2) Inducement of Patent Infringement, and (3) Contributory Patent Infringement.

Presently before the Court is Defendants' Motion for Summary Judgment ("Motion"). For the reasons below, the Court **GRANTS** the Motion.

## II.  FACTUAL BACKGROUND

The following facts are not disputed:

Plaintiff is a California corporation operating a chain of Taiwanese-style hot-pot restaurants. During a hot-pot meal, diners cook a variety of food in simmering soup in a wok on a table-top hot-pot stove. Plaintiff developed two hot-pot stoves for its restaurants. It owns a design patent, U.S. Patent No. D680,811 ("'811 Patent"), titled "Apparatus for Holding and Heating a Hot Pot," for the second design.

Defendants sell restaurant accessories in Taiwan and in the United States. Among Defendants' products are two table-top hot-pot stoves: an Original Hot-Pot Holder and a later FW Hot-Pot Holder. Defendants sell these hot-pot stoves to restauranteurs, including Plaintiff's competitors.

Plaintiff alleges that the FW Hot-Pot Holder infringes the '811 Patent. Defendants assert that they developed the FW Hot-Pot Holder on their own.

## III.  JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

of law." Fed. R. Civ. P. 56(a). The court may grant summary judgment on all or part of the claim, as appropriate. *See id.* Facts are "material" only if dispute about them may affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary-judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing "must establish beyond controversy every essential element of" the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted). On issues where the movant does not have the burden of proof at trial, the movant needs to show only that there is an absence of evidence to support the nonmovant's case. *See Celotex*, 477 U.S. at 325.

To defeat a summary-judgment motion after movant has made an adequate showing, the nonmovant must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Id.* at 323–24. The nonmovant may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmovant merely attack or discredit the movant's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983).

"[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (quoting *Anderson*, 477 U.S. at 255) (second alteration original). The court may not determine credibility of witnesses or weigh the evidence. *Anderson*, 477 U.S. at 255. Nonmovant's "version of any disputed issue of fact . . . is presumed correct." *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). To grant summary judgment, the court should find that evidence is "so one-sided that [the movant] must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Courts evaluate design-patent infringement in a two-step process. *Arminak & Assocs. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). Courts first "construe the claims of the design patent to determine their meaning and scope." *Id.* Courts then "compare the construed claims to the accused design." *Id.* at 1320. "Infringement of a design patent occurs if the designs have the same general visual appearance, such that it is likely that the purchaser (or the ordinary observer) would be deceived into confusing the design of the accused article with the patented design." *Id.* (alterations and internal quotation marks omitted).

The Court proceeds with the two-step infringement analysis of the '811 Patent.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

### A.   Claim Construction of the '811 Patent

Design patents protect only "new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a). "[A] design may contain both functional and ornamental elements, [but] the scope of a design patent claim must be limited to the ornamental aspects of the design." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (internal quotation marks omitted). Furthermore, the scope of a design-patent claim covers "the overall ornamentation," not "individual elements" or their aggregation. *Id.* at 1322. "Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Id.* at 1320. Claim construction should help "distinguish between those features of the claimed design that are ornamental and those that are purely functional." *Id.* (internal alteration omitted). Where an individual element has both functional and ornamental aspects, the claim construction should limit the claim scope to only ornamental aspects of the element. *See id.* at 1321.

Because it is difficult "to describe a design in words," it is usually "preferable . . . for a . . . court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc.*, 543 F.3d at 679. Instead, "[a] design patent's claim is . . . often better represented by [graphic] illustrations." *Sport Dimension*, 820 F.3d at 1320.

Here, the '811 Patent claims "[t]he ornamental design for an apparatus for holding and heating a hot pot, as shown and described." '811 Patent, cl. 1 (fig. 1 shown below). As the claim and the design suggest, the apparatus has two functions: (1) holding a hot pot in place, via the frustoconical bowl and prongs around the rim thereof; (2) heating the hot pot so placed, through a fire burning in the frustoconical bowl, with oxygen supplied through the various openings on the box and on the bowl. Accordingly, the Court construes the claim as "the ornamental design for an apparatus for holding and heating a hot pot, as shown and described, *excluding the functional aspects of the frustoconical bowl and of the prongs around the rim thereof to hold the hot pot in place,*[1] *and of openings to allow air flow.*"



Fig. 1: Top Perspective View of the '811 Patented Design

---

[1] The functional aspects related to holding the hot pot in place include as least the circular form of the frustoconical bowl opening and the equal spacing of the prongs around the top rim thereof. *See infra* Part IV.B.1.c.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

### B. Infringement Analysis of FW Hot-Pot Holder

Design-patent infringement occurs when a person "(1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied . . . ." 35 U.S.C. § 289. In infringement analysis, courts compare "the patented and accused designs . . . for overall visual similarity." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). To find infringement, the two designs need not be identical; substantial similarity is enough. *Arminak*, 501 F.3d at 1320; *Egyptian Goddess*, 543 F.3d at 670. Specifically, under the ordinary-observer test, no infringement occurs where "the accused design could not reasonably be viewed as so similar to the claimed design that a purchaser [or ordinary observer] familiar with the prior art would be deceived by the similarity between the claimed and accused designs", "'inducing him to purchase one supposing it to be the other.'" *Pac. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)); *accord Egyptian Goddess*, 543 F.3d at 674.

Depending on the degree of similarity between the two designs, infringement analysis of design patents may involve one or two steps. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335–37 (Fed. Cir. 2015). "[If] the claimed and accused designs are sufficiently distinct and plainly dissimilar, the patentee fails to meet its burden of proving infringement as a matter of law." *Id.* at 1335 (internal quotation marks omitted). If not, the factfinder would benefit from explicitly "comparing the claimed and accused designs with the prior art." *Id.* at 1337. The explicit comparison helps the factfinder "to focus on those aspects of [the claimed] design which render [it] different from prior art designs." *Egyptian Goddess*, 543 F.3d at 677.

The Court proceeds with the infringement analysis, first by reviewing the prior art with which the ordinary observer should be familiar. The Court finds the two designs sufficiently distinct and thus will not explicitly compare them with the prior art.

#### 1. *The Prior Art*

Defendants and Plaintiff both cite their own earlier hot-pot stoves as prior art. The '811 Patent also cites prior-art references. The Court examines them in turn.

##### a. *Prior Art Cited by Defendants*

In relevant parts, prior art under the patent statute that governs the '811 Patent includes invention "known or used by others in this country, or . . . described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent," or invention "in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(a), (b) (2000) (amended 2012). The accused infringer bears the burden of production of any prior art it relies on for its defense against infringement. *Egyptian Goddess*, 543 F.3d at 678.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

Here, absent evidence to the contrary, the presumptive date of the '811-Patent invention is its date of filing — February 14, 2012. *See In re NTP, Inc.*, 654 F.3d 1268, 1276 (Fed. Cir. 2011).

In their defense, Defendants cite their own Original Hot-Pot Holder as prior art to the '811 Patent. Defendants assert that the Original Hot-Pot Holder was imported into the United States as early as 2008. (Liu Decl. ¶ 8, ECF No. 69.) Defendants' evidence, however, fails to establish this assertion. First, Defendants' Google image search result merely establishes that an image of the Original Hot-Pot Holder existed on the Internet before 2010. (*See* Liu Decl. Ex. A, ECF No. 69-1.) Defendants' Wayback-Machine-Internet-archive screen capture merely shows that the Original Hot-Pot Holder was for sale as of September 22, 2008 on a Taiwanese website. (*See id.*) Neither shows importation of the Original Hot-Pot Holder into the United States. Second, Defendants fail to authenticate the Google image search result and the Wayback-Machine-Internet-archive screen capture. *See Specht v. Google Inc.*, 758 F. Supp. 2d 570, 580 (N.D. Ill. 2010) ("pages from Internet Archive search results can be submitted into evidence only by authentication of a 'knowledgeable employee' of the Internet Archive"). Third, Liu's own deposition statement contradicts his declaration that Defendants imported the Original Hot-Pot Holder into the United States since 2010. (*Compare* Liu Dep. 74:4–75:13, 86:3–87:1, ECF No. 72-1, *with* Liu Decl. ¶ 5.) Hence, Defendants fail to establish their Original Hot-Pot Holder as prior art to the '811 Patent based on its use or sale in the United States.

Although Defendants do not argue that their Original Hot-Pot Holder is prior art because it was described in a printed publication before the date of invention, the Original Hot-Pot Holder may qualify as prior art on this basis. But Defendants' failure to authenticate their Internet search results also translates to failure to establish their Original Hot-Pot Holder as prior art based on a printed publication.

Thus, Defendants fail to establish the Original Hot-Pot Holder as prior art to the '811 Patent.[2]

        b.    *Prior Art Cited by Plaintiff*

Plaintiff cites its own prior-art hot-pot stove, a cylindrical apparatus with openings on the side surface. Because Defendants do not dispute this as prior art to the '811 Patent, the Court considers it as such for the purpose of this Order.

        c.    *Prior Art Cited by the '811 Patent*

The '811 Patent cites twelve prior-art patents and one prior-art patent application on electrical- or gas-heating apparatus. The Court agrees with Plaintiff that these prior-art designs do not look like the '811 claimed design or the FW Hot-Pot Holder design.

Two common design elements, however, reveal functional aspects of pot heaters that further refine the scope of the '811-Patent claim. All prior-art designs have circular heating elements. The

---

[2] For this reason, the Court denies Defendants' cursory request to invalidate the '811 Patent based on the Original Hot-Pot Holder.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

circular form matches the shape of containers (e.g., a pot) to be heated. All prior-art designs with prongs on a grid to support a container have equally-spaced prongs. The equal spacing distributes the weight of the container evenly on the heating apparatus for stability. Thus, the circular form of the frustoconical bowl opening and the equal spacing of the prongs around the top rim thereof are functional and are excluded from the claim scope.

    2.    <u>*Sufficiently Distinct or Plainly Dissimilar*</u>

"The scope of the claim of a patented design encompasses its visual appearance as a whole, and in particular the visual impression it creates." *Arminak*, 501 F.3d at 1319–20 (internal quotation marks omitted). Thus, the proper infringement inquiry asks "whether the accused design has appropriated the claimed design as a whole," or whether the designs have the same "general appearance and effect." *Egyptian Goddess*, 543 F.3d at 670, 677.

Here, as shown in side-by-side figures below, both the '811 claimed design and the FW Hot-Pot Holder are boxes with square tops and bottoms and rectangular sides. The two designs have roughly the same proportions. Both square tops have raised rims and a large circular opening in the center. Both designs have openings on the sides and on the frustoconical bowl. Both have four equally-spaced, dual-tentacle prongs around the top rim of the frustoconical bowl.



Fig. 2: Top Perspective View of '811 (Left) and FW Hot-Pot Holder (Right) Designs

Some of these similarities, however, are beyond the '811-Patent-claim scope because they are functional, not ornamental. These include the circular form of the opening on top to match the shape of hot pots, the existence of openings on the sides and on the frustoconical bowl to allow air flow, and the equal spacing of the prongs. These functional aspects reduce the degree of similarity between the two designs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

    Furthermore, the two designs have significant ornamental differences. First, as shown in Figure 2 above, the claimed design has four slots on the diagonals of the top surface. The FW Hot-Pot Holder does not. Second, the frustoconical bowl in the claimed design has a lattice, dividing the wall into eight openings of roughly the same size. The frustoconical bowl in the FW Hot-Pot Holder, on the other hand, has two large and two small openings. Third, the frustoconical bowl in the claimed design has a hollow bottom, exposing the bottom interior of the box. But the frustoconical bowl of the FW Hot-Pot Holder has a closed bottom. Fourth, as shown in Figure 3 below, the claimed design has two rectangular openings that run the entire width of two opposite sides of the box. And as shown in Figure 4 below, on the edges of the two other sides, these two openings appear as flat-bottomed, sideway U-shaped indentations. The FW Hot-Pot Holder, on the other hand, has four fan-shaped openings, one on each side, that span less than half of the width.[3] Fifth, the claimed box design is one-piece. But the FW Hot-Pot Holder has a cap piece separate from the rest of the box, i.e., the four sides and the bottom. Sixth, as shown in Figure 5 below, two of the openings on the frustoconical bowl in the claimed design prominently extend outward in a U-shape from the circular opening of the bowl. The two large openings on the bowl in the FW Hot-Pot Holder, in contrast, extend outward from the circular opening only slightly. These differences, taken together, create a visual impression of the FW Hot-Pot Holder sufficiently distinct from that of the '811 claimed design. Thus, it is not necessary to explicitly compare the two designs with the prior art.



Figure 3: One Side View of '811 (Left) and FW Hot-Pot Holder (Right) Designs

---

[3] Plaintiff and Defendants both use a picture of the same side, instead of two pictures of two adjacent sides, of the FW Hot-Pot Holder in side-by-side comparisons with figures 3 and 5 of the '811 Patent, which show the views of two adjacent sides. But the parties do not dispute that the FW Hot-Pot Holder has a fan-shaped opening on each of the four sides.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |



Figure 4: Adjacent Side View of '811 (Left) and FW Hot-Pot Holder (Right) Designs



Figure 5: Top View of '811 (Left) and FW Hot-Pot Holder (Right) Designs

    Pointing to five allegedly distinctive design elements, Plaintiff argues that the FW Hot-Pot Holder infringes the claimed design. The Court has considered these elements in the discussion above and is not persuaded. In addition to failing to overcome the lack of overall similarity in general appearance, Plaintiff's argument fails because it ultimately relies on an aggregation of individual elements. (*See* Pl.'s Opp'n 11–15, ECF No. 79, e.g., "The overall similarity of design between the patented design and the Accused Product can be demonstrated by pointing out several key individual design elements common to both."). But aggregation of elements is not the scope of a design-patent claim. *See Sport Dimension*, 820 F.3d at 1322. Furthermore, to the extent that Plaintiff's argument may be directed toward the overall visual appearance of the two designs, Plaintiff's argument is unpersuasive because Plaintiff did not construe the '811-Patent claim and thus failed to exclude functional aspects of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-CV-01672-RGK-JEM | Date | April 27, 2017 |
|---|---|---|---|
| Title | *Boiling Point Group, Inc. v. Fong Ware Co.* | | |

the visual appearance.[4] *See Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1448 (Fed. Cir. 1993) ("A product feature is functional if it is essential to the product's use . . . . Where the appearance of a product is essential to its intended use, the appearance may itself be functional.").

Plaintiff's expert testimony likewise does not persuade the Court as it also fails to overcome the lack of overall similarity in general appearance between the two designs. Moreover, Plaintiff's expert erred by comparing the FW Hot-Pot Holder with the hot-pot stove Plaintiff uses in its restaurants, rather than with the claimed design. (*See* Pl.'s Opp'n 10.) Thus, Plaintiff's expert testimony is unhelpful even though generally expert testimony may be helpful in some design-patent cases. *See Kyocera Wireless Co. v. President Elecs., Ltd.*, 179 F. App'x 53, 54 (Fed. Cir. 2006) (expert evidence "may be necessary in cases involving complex technology" but not in a simple design-patent case).

Therefore, the Court finds that the two designs look sufficiently distinct that "an ordinary observer" would not be "deceive[d]" or "induc[ed] . . . to purchase" the FW Hot-Pot Holder supposing it to be the '811 claimed design. *Egyptian Goddess*, 543 F.3d at 670. They are not "so much alike that in the market and with purchasers they would pass for the same thing." *Id.* (quoting *Gorham,* 81 U.S. at 531). A restaurateur may buy the FW Hot-Pot Holder because it holds and heats a hot pot in much the same way as the apparatus depicted in the '811 Patent. But a utility patent, not a design patent, protects the functionality of a claimed design.

## V. EVIDENTIARY OBJECTIONS

To the extent the parties object to any evidence that the Court relies on in this Order, those objections are overruled.

## VI. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion. Since contributory infringement and induced infringement are predicated on direct infringement, *Medgraph, Inc. v. Medtronic, Inc.*, 843 F.3d 942, 948 (Fed. Cir. 2016), Plaintiff's three claims all fall together.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____

---

[4] Defendants also skipped claim construction in their brief. But the construed claim disfavors Plaintiff because the common functionalities of the two designs produce more visual similarities than differences, since both designs are used with woks of similar size and shape.